## DISTRIBUTION AMONG OTHER THAN LINEAL DESCENDANTS.

### Common Pleas Court of Medina County.

LEE ELLIOTT, ADMINISTRATOR, v. DANIEL SHAW ET AL.

Decided, July 16, 1913.

*Inheritance Passing to Nephews and Nieces and Children of Deceased Nephews and Nieces—How They Take under the Ohio Law.*

1. A testator who provides, "all the remainder of my estate I desire shall descend and pass according to the laws of inheritance of the state of Ohio;" intends that the residue of his estate shall be distributed the same as the property of an intestate would be distributed.

2. Where such testator left surviving him two nephews and one niece and children of two other nieces, the residue of his estate will be divided in five parts of which the two nephews and the niece will each get one-fifth, and each set of children of the deceased nieces one-fifth to be equally divided among them.

*Lee Elliott* and *Frank Heath,* counsel.

DOYLE, J.

The plaintiff asks the order and direction of the court as to the manner of distributing the residue of the personal estate of James C. Johnson, deceased, of whose estate plaintiff is administrator with the will annexed.

The third item of the will provides: "All the remainder of my estate I desire shall descend and pass according to the laws of inheritance of the state of Ohio."

Johnson left no wife nor lineal descendants. He had had a brother and sister, both of whom were deceased leaving issue. The brother left two children living, a son and a daughter, and two grandchildren who are the issue of a deceased daughter, and the sister left one son living and two grandchildren who are the issue of her deceased daughter.

These three nephews and nieces and four children of the other two nieces are under the laws of inheritance of Ohio entitled to the residue of the estate of the testator, under the item of

his will.  The sole question presented is in what proportion do they share in the residue.

By statute law of Ohio (Sections 8578 and 8584), the personal property of an intestate is divided in the manner provided for dividing real estate as provided in Sections 8574, 8581, 8582 and 8583.

Paragraph 3 of Section 8574 provides:

"If such intestate leaves no husband or wife, relict to himself or herself, the estate shall pass to the brothers and sisters of the intestate of the whole blood, and their legal representatives."

The decedent Johnson is not an intestate, but his intention, which is the sole guide in the construction of his will, was that the residue of his estate should be distributed according to the laws of inheritance of the state of Ohio.  An inheritance is the right to succeed to the estate of a person who dies intestate. Hence, there being nothing before the court to show the testator's intention but this third item of his will, the court is, by his direction, constrained to treat the residue of his estate, so far as the manner of its distribution is concerned, as though it were the personal estate of an intestate.

The provisions of the statute in this case, as to collateral heirs, follow the statutory provisions providing for lineal descendants.   Secton 8582, General Code, provides:

"If some of the children of such intestate are living and others are dead, the estate shall descend to the children who are living, and to the legal representatives of such as are dead, so that each child of the intestate who is living will inherit the share to which he or she would have been entitled, if all the children of the intestate were living, and the living representatives of the deceased child or children of the intestate inherit equal parts of that portion of the estate to which such deceased child or children would be entitled, if such deceased child or children were living."

The next section (8583, General Code,) then provides for the contingency presented in this case.  It reads as follows:

"The provisions of the next preceding section shall apply in all cases in which the descendants of the intestate, entitled to

share in the estate, are of an equal degree of consanguinity to the intestate, so that those who are of the nearest degree of consanguinity will take the share to which he or she would have been entitled, and all the descendants in the same degree of consanguinity with him or her, who died leaving issue, been living.''

Here we have persons entitled, under the inheritance laws of Ohio, to property who are of unequal relation by consanguinity to the ancestor.  Section 8581, General Code, provides:

''When all the descendants of an intestate, in a direct line of descent, are of an equal degree of consanguinity to the intestate, whether children, grandchildren or great grandchildren, or of a more remote degree of consanguinity to such intestate, the estate shall pass to such persons of equal degree of consanguinity to such intestate in equal parts, however remote from the intestate such equal and common degree of consanguinity may be.''

The persons in this case who are of equal degree of consanguinity to the testator are the nephews and nieces and they will, under the laws of inheritance, take the share to which each would have been entitled if all the nephews and nieces had been living.

There were five nephews and nieces, hence each nephew and niece would take one-fifth of the residue.

The children of the deceased nieces will take by representation, that is, each set will take what would have come to their parent had she been living, which share they shall enjoy equally, following the provisions of Section 8582 as provided for in section 8583.

In *Parsons* v. *Parsons*, 52 O. S., 470, the Supreme Court interpreted R. S. 4166, which is now General Code, Section 8582, as providing for grandchildren taking by representation where there were children living.  (See p. 484.)

This case approves *Dutoit* v. *Doyle*, 16 O. S., 400, the syllabus of which is as follows:

''The seventh section of the act regulating descents, passed March 14, 1853, did not change the rule (which has always prevailed in Ohio) that in case of a descent cast upon children,

where some of the children were living and others dead leaving issue, the share to which each of the deceased children would, if living, have been entitled, should descend to the issue or legal representatives of each respectively."

Section 7 of March 14, 1853, was re-enacted into 4166 (G. C., 8582) without substantial change and introduces the principle of representation.

This Section 7 was part of Section 10 of the act of February 24, 1831, and follows the rule of descent provided successively by acts of February 22, 1805, December 30, 1815, and February 11, 1824.

The act of 1853 did not change the rule of descent. Hence, following Section 8583, which provides that "In all cases in which the descendants of the intestate, entitled to share in the estate, are of an unequal degree of consanguinity to the intestate, those who are of the nearest degree of consanguinity will take the share to which he or she would have been entitled, had all the descendants in the same degree of consanguinity with him or her, who died leaving issue, been living, "the plaintiff together with the niece and the other nephew would each be entitled to one-fifth.

Then pursuant to Section 8583 we must look to Section 8582 to find the portion to which each of the grand nephews and nieces are entitled which, as shown above, apportions to each set the portion their parents would have been entitled if living. Each of the grandnephews and nieces in this case get one-tenth.

In the case of *Ewers* v. *Follin*, 9 O. S., 326, the Supreme Court construed Section 10 of the act of February, 1831, which provides for a distribution similar to that provided in Section 8582. It was there held that "when an estate descended to nephews and nieces, legal representatives of brothers and sisters, no brother nor sister of the intestate surviving, the nephews and nieces took *per capita;* and if a nephew or niece had died before the intestate, leaving children, such children took *per stirpes* the share of the deceased parent."

In a recent case in the circuit court of the fifth circuit, *Goff* v, *Disbennet*, 33 C. C., 234, it was held that, "Title to

property acquired by purchase, upon death of the owner intestate, with no heirs except nephews and nieces, is cast by General Code, 8574, upon such nephews and nieces as a class, and they take under General Code, 8581, *per capita* and not *per stirpes*.''

A decree for distribution in the manner indicated herein may be entered.